NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TARYN CHRISTIAN, | No. 24-4596 |
| Plaintiff - Appellant, | D.C. No. 2:21-cv-00733-DWL |
| v. | MEMORANDUM* |
| CORECIVIC, INC.; TODD THOMAS, Former Warden; BENJAMIN GRIEGO, Former Assistant Warden; JODY BRADLEY, Assistant Warden; MICHAEL HEGMANN, Former Head Doctor Medical Department; J VALENZUELA, Grievance Officer; MICHELLE MCCRAY, Former Nurse Practitioner; CATHY FULLER, Former Nurse Practitioner; LADEANA MORGAN, Nurse Practitioner; E BARAJAS, Nurse Medical Supervisor; CAROLINE MEE, Doctor Medical Director; HOWARD KOMORI, Hawaii Contract Monitor; JENNIFER BECHLER, Onsite Contract Monitor; UNKNOWN PARTY, Esparza: Trinity Food Service Supervisor, Previously known as: Trinity Food Service Supervisor Unknown, name changed, per Order at Doc. 17; M. LOPEZ, Chaplain; UNKNOWN, Pitz: Trinity Food Service Supervisor at Saguaro Correctional Facility, aka per Doc 47 also known as Rubi Pitz; UNKNOWN PARTY, Powell: | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Assistant Warden at Saguaro Correctional
Facility; SEAN WEAD, Warden at Saguaro
Correctional Facility; UNKNOWN PARTY,
Named as: Dietitian at Saguaro Correctional
Facility; MARGARET GIUNTA, Saguaro
Facility Dietitian,

Defendants - Appellees.

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted July 15, 2026[**]

Before: BERZON, NGUYEN, and OWENS, Circuit Judges.

Taryn Christian appeals pro se the district court's denial of a motion for reconsideration of summary judgment in his action under 42 U.S.C. § 1983 against officers of Saguaro Correctional Center ("SCC"). Christian alleges a Free Exercise Clause violation arising from prison officials' refusal to allow him to participate in Passover meals in 2019, 2020, and 2021. Christian also asserts a violation of the Eighth Amendment stemming from the prison's inadequate dietary options. We affirm.

1. "The denial of a motion for reconsideration is reviewed for an abuse of discretion. In contrast, we review a grant of summary judgment de novo." *Lolli v.*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Cnty. of Orange*, 351 F.3d 410, 414 (9th Cir. 2003) (citations omitted). Christian did not list the order granting summary judgment in his notice of appeal. But a "mistake in designating the order being appealed is not fatal 'as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced or misled by the mistake.'" *McCarthy v. Mayo*, 827 F.2d 1310, 1314 (9th Cir. 1987) (quoting *United States v. One 1977 Mercedes Benz,* 708 F.2d 444, 451 (9th Cir.1983), *cert. denied,* 464 U.S. 1071 (1984)). Christian's intent to appeal the summary judgment order can be inferred because he focused his appellate brief on the underlying judgment rather than "why he believes the denial of reconsideration . . . was in error." *Lolli*, 351 F.3d at 415. Further, the appellees "cannot claim prejudice because they also fully briefed the issues." *McCarthy*, 827 F.2d at 1314. We thus review the grant of summary judgment.[1]

2. We affirm the district court's grant of summary judgment on Christian's First Amendment claim against SCC employees Griego, Thomas, and Lopez. A free exercise claim requires a showing that the challenged action places a "substantial" burden on one's exercise of religion. *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 1011 (9th Cir. 2013). "A substantial burden places more than an

---

[1] We do not review the denial of the motion for reconsideration. Christian did not articulate the standard of review, nor did he present any reasons "why he believes the denial of reconsideration . . . was in error. This is insufficient to preserve the matter for appeal." *Lolli*, 351 F.3d at 415.

inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Jones v. Williams*, 791 F.3d 1023, 1031–32 (9th Cir. 2015) (citation modified). A successful claim under § 1983 requires "a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Defendants Benjamin Griego and Todd Thomas left SCC prior to Passover in 2020 and 2021. Their involvement in Passover 2019 began only after Christian had already been removed from the participation roster. There is no evidence that Defendant Lopez had any involvement in Christian's inability to participate in Passover 2019 and 2020.

Lopez denied Christian the opportunity to participate in Passover meals in 2021 because he had erroneously listed Christian's religion as Christianity, not Judaism. Christian filed a grievance, and Lopez fixed the error, but only after Passover had ended. As far as the record shows, Lopez's error was an inadvertent and "relatively short-term and sporadic" interference that he later corrected, and so did not rise to the level of a constitutional violation. *Canell v. Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998).

3. We affirm the district court's grant of summary judgment on Christian's Eighth Amendment basic necessities claim. "The Eighth Amendment requires only

that prisoners receive food that is adequate to maintain health." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). Christian was placed on the Food Allergy Intolerance Diet ("FAID") because of his sensitivity to monosodium glutamate ("MSG"). Christian did not provide any evidence that the food items approved on the FAID contained MSG, nor did he provide evidence that the FAID meals overall had inadequate nutritional or caloric value. Medical reports further indicate that Christian has "maintain[ed] health." *Id.* We thus affirm the district court's grant of summary judgment on the Eighth Amendment issue.

**AFFIRMED**.[2]

---

[2] Appellant's motion for miscellaneous relief, Dkt. No. 27, and motion for sanctions, Dkt. No. 34, are denied.